UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL HAKEEM AFIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1788 SEP |
| | ) | |
| WARDEN MICHELLE BUCKNER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon documents construed as a Petition and Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by self-represented petitioner Abdul Hakeem Afiz (formerly known as Miron Taylor). Docs. [1], [3]. Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis* and affidavit in support. Doc. [4]. Based on the motion and financial information submitted in support, the Court finds that Petitioner is unable to pay the filing fee in this matter. The Motion for Leave to Proceed *In Forma Pauperis* will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). Furthermore, because the Court finds that this § 2254 habeas petition is successive and Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition, the petition will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(3)(A).

### BACKGROUND

### I.    Petitioner's State Court Conviction

Based on an independent review on Missouri Case.net, the State of Missouri's online docketing system, the Court finds that Petitioner (under his prior name of Miron Taylor) was found guilty by a Missouri jury of first-degree murder and armed criminal action in May 2000. *State v. Taylor*, No. 22961-01249 (22nd Jud. Cir. 1996). Petitioner was sentenced to concurrent terms of life without the possibility of parole and twenty (20) years. His direct appeal of the case was denied, *State v. Taylor*, 66 S.W.3d 95, No. ED78171 (Mo. Ct. App. 2001), as was his motion for post-conviction relief under Rule 29.15, *Taylor v. State*, No. 2202P-04216 (22nd Jud. Cir. 2003).

## II.      Petitioner's Prior Habeas Filings in this Court

Petitioner Afiz, (Missouri inmate no. 350138), filed four prior § 2254 petitions in this Court concerning his 2000 Missouri conviction for murder and armed criminal action.  In 2006, Petitioner "Abdul Al-Hakeem Afiz" (Missouri inmate no. 350138) filed his first § 2254 petition for habeas corpus, arguing seven grounds for relief including:  lack of trial court jurisdiction under the Interstate Agreement on Detainers; violation of his rights by a St. Louis Police Department interview; trial court error in finding him a persistent offender; and four grounds for ineffective assistance of counsel.  *Taylor v. Dormire*, No. 4:06-cv-426-JCH, Doc. [17] at 1-2 (E.D. Mo. filed Mar. 6, 2006).  On April 9, 2007, this Court denied and dismissed the petition on the merits.  *Id.* at Docs. [17], [18].  The Eighth Circuit Court denied Petitioner an application for a certificate of appealability and dismissed his appeal.  *Id.* at Doc. [27].  Subsequently, Petitioner filed a "Motion Rule 60(b)," which was construed by this Court as a successive petition for writ of habeas corpus and dismissed.  *Id.* at Docs. [32], [33].  Petitioner again appealed, and the Eighth Circuit affirmed.  *Id.* at Docs. [34], [40], [41], [42].[1]

In 2008, Petitioner filed his second § 2254 petition regarding the 2000 Missouri conviction. *Afiz v. Missouri State Public Defenders System*, No. 4:08-cv-1126-JCH (E.D. Mo. filed July 31, 2008).  The Court found the petition successive without appellate court permission for filing and dismissed it on August 18, 2008.  *Id.* at Docs. [4], [5].

In 2009, Petitioner filed a third § 2254 petition challenging the same 2000 Missouri state court conviction.  *Afiz v. Dormire*, No. 4:09-cv-866-MLM (E.D. Mo. filed May 7, 2009).  In that case, Petitioner sought relief on the grounds of ineffective assistance of counsel and violation of his right to a speedy trial.  *Id.* at Doc. [12].  The Court again found the petition to be a second or successive § 2254 application for which Petitioner had not obtained the required leave from the United States Court of Appeals for the Eighth Circuit.  However, rather than dismissing the action, the Court transferred the petition to the Eighth Circuit pursuant to 28 U.S.C. § 1631.  *Id.*

---

[1] When Petitioner filed the second appeal in this matter, the Eighth Circuit issued an Order stating that Petitioner had been found to have three "strikes" under 28 U.S.C. § 1915(g), and therefore had to pay the full filing fee in order to proceed with his appeal.  *Taylor v. Dormire*, No. 4:06-cv-426-JCH, Doc. [37]. However, the appellate court subsequently issued a letter stating that as a habeas case, the case was not subject to the three strikes rule.  *Id.* at Doc. [39].  This letter appears to be the one discussed by Petitioner and included as an attachment to both the Petition and Amended Petition.  *See* Doc. [1] at 3, Doc. [3] at 4. The Court notes that as this case is also a habeas case, Petitioner's status as having acquired three strikes under 28 U.S.C. § 1915(g) is not relevant here either.

The appeal was subsequently dismissed when appellant's motion to dismiss was granted on August 26, 2009, by the appellate court. *Id.* at ECF No. 13.

A few days after the appellate court dismissed the third petition, Petitioner filed a pleading that the Court construed as a fourth § 2254 petition challenging his 2000 Missouri conviction. *Afiz v. Missouri*, No. 4:09-cv-1419-MLM (E.D. Mo. filed Sept. 1, 2009). The Court found Petitioner's characterization of his pleading as a "Motion for Summary Judgment," to be a clear attempt to circumvent the limitations on successive habeas petitions. *Id.* at Doc. [8] at 1 (citing *United States v. Farley*, 971 F. Supp. 184, 185 (E.D. Pa. 1997)). Therefore, because the Petition was successive and Petitioner did not have appellate court permission for its filing, the Court found that it lacked authority to grant the relief sought and dismissed the action. *Id.* Multiple post-dismissal motions for relief were subsequently denied by the Court. *Id.* at Docs. [10]-[15].

### INSTANT § 2254 PETITION

On February 9, 2021, the Court reviewed Abdul Afiz's pleading seeking "Habeas Corpus" relief and found the document defective as a § 2254 petition because it was not drafted on a Court-provided form. Doc. [2] (citing E.D. Mo. Local Rule 2.06(A)). The Court directed the Clerk to send Petitioner a blank form and ordered Petitioner to file an amended petition within thirty (30) days.

In response to the Court's Order, Petitioner filed a handwritten document—not on a Court-provided form—titled "Drafted Petition under 28 U.S.C. § 2254 – Habeas Corpus." Doc. [3] at 1. Petitioner does not state why he chose not to submit an amended petition on the Court-provided form but he does state his belief that "the court NOW is involved in burdening the Petitioner with a long process of filling out unnecessary paperwork when the violations of law is the whole point and purpose of the habeas corpus process." *Id.* at 2. Petitioner requests that his prison sentence be reduced. He references his sentence of life without parole from the 22nd Judicial Circuit Court of St. Louis and cites case numbers "ED-78171" and "961-1249." *Id.* at 3. The Court construes this document as an amended petition for habeas corpus relief under 28 U.S.C. § 2254, regarding Petitioner's 2000 Missouri state court conviction.

It is not clear what claims Petitioner is asserting in his most recent attempt to gain habeas relief. In his initial filing, Petitioner stated that he is seeking to reduce his sentence under the "Fair Sentencing Act of 2010" and he seems to argue that he was unfairly sentenced as a prior

and persistent offender.  Doc. [1] at 1.  He attached "St. Clair County Jail arrest records" dated "4/16/02" to support his argument.  Doc. [1-1].  Petitioner attached the same records to his Amended Petition and states "a prior persistent could not apply on him and has presented arrest records."  Doc. [3] at 2, 5-6.  Otherwise, the only legal argument that the Court can discern in the Amended Petition is a mention of "speedy rights to trial."  *Id.* at 2.  Petitioner seeks a sentence reduction.  *Id.*

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.  A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition").

Here, it is hard to discern exactly what grounds Petitioner is raising and whether they are new or repetitive claims.  Petitioner seems to be arguing that the Missouri trial court should not have sentenced him as a prior and persistent offender—an argument raised in his first § 2254 petition and denied on the merits.  *See Taylor v. Dormire*, No. 4:06-cv-426-JCH, Doc. [17].  He also mentions his speedy trial rights—a ground alleged in his third petition, which was found to be successive.  *See Afiz v. Dormire*, No. 4:09-cv-866-MLM, Doc. [12].

Regardless, it is clear that Petitioner is not entitled to relief because his Petition is successive.  To the extent Petitioner seeks to re-litigate claims that he brought in his first petition that was denied on the merits, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).  To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court.  28 U.S.C. § 2244(b)(3)(A).  There is no evidence in the record that Petitioner has sought or received such permission.  Because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, this Petition must be

4

denied and dismissed as successive. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. [4]) is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Petition for Habeas Corpus relief under 28 U.S.C. § 2254 is **DENIED and DISMISSED as successive**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of April, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE